BOROWICZ and wife, Appellants, vs. HAMANN and others, Respondents.

*January 14—February 9, 1926.*

*New trial: Constructive denial of motion: Enlargement of time by order: Sufficiency: Necessity of reciting cause: Appeal from void order: Jurisdiction of supreme court: Single order double in purpose and void as to one: Effect on reversal.*

1. A motion for a new trial is deemed constructively denied if not made and heard within sixty days after the rendition of a verdict, unless the court by order extend such time; but a recital in an order extending the time that cause exists, is a mere idle formality and amounts to nothing.    pp. *217, 218.*

2. Ordinarily, where an order is made upon the record and it is recited that there is cause, there is a presumption that good and adequate cause exists.    p. *218.*

3. Where orders of the court extending the time for hearing and determining a motion for a new trial recited that there was good cause therefor, but did not recite the facts from which such cause arose, the orders were ineffective.    p. *218.*

4. Though an appeal be from a judgment or an order which is void, the supreme court obtains jurisdiction on appeal therefrom and may reverse it; but the court takes jurisdiction only to reverse the void order.    p. *219.*

5. Under sec. 274.33, Stats., an order granting a new trial is appealable; but an order denying a motion for a new trial, or for judgment notwithstanding the verdict, or to amend the verdict and for judgment on the amended verdict and the evidence, is not appealable because it does not determine the action nor prevent a judgment from which an appeal may be taken.    p. *220.*

6. While an order giving plaintiffs an election to take judgment for a sum less than the amount of the verdict or a new trial may be double in purpose and therefore two orders, the order granting a new trial is so connected with defendants' motions for relief from the special verdict, and being void, that the entire order is void and defendants' motions stand as if not passed upon.    p. *221.*

APPEAL from an order of the circuit court for Brown county: HENRY GRAASS, Circuit Judge.    *Reversed.*

Borowicz v. Hamann, 189 Wis. 212.

For the appellants there was a brief by *Otto P. Lehner* of Oconto Falls, *Lynn D. Jaseph* of Green Bay, and *Lehner & Lehner* of Oconto Falls, and a reply brief by *Philip Lehner* of Princeton, and oral argument by *Mr. Philip Lehner* and *Mr. Jaseph*.

For the respondents there was a brief by *A. W. Foster* of Milwaukee, attorney, and *Minahan, Minahan & Duquaine* of Green Bay, of counsel, and oral argument by *Eben R. Minahan*.

ROSENBERRY, J.   This action was begun by the plaintiffs against the defendants for damages resulting from a conspiracy to defraud.   The transaction out of which the action arose related to an exchange of a farm owned by the plaintiffs for certain property situated in the city of Milwaukee, and occurred on or about June 22, 1921.   This action was begun April 26, 1923.   There was a trial before the court and jury which resulted in a special verdict rendered December 17, 1923.   The order granting a new trial, from which order, the appeal is taken, was dated January 27, 1925.   Upon the coming in of the verdict the plaintiffs moved the court for judgment upon the verdict in the alternative (1st) for judgment on the special verdict in favor of the plaintiffs and against the defendants; (2d) for judgment on the special verdict and on the evidence in favor of the plaintiffs and against the defendants for the sum of $16,000 damages.

Under date of January 3, 1924, the defendants made the following motion:

"1. For judgment notwithstanding the special verdict of the jury rendered herein November 27, 1923, a copy of which is annexed hereto, dismissing the plaintiffs' complaint with costs.

"If the foregoing motion be denied, then:

"2. That the answer to question 1 be changed from 'Yes' to 'No,' the answers to questions 2 and 3 be stricken out, the answer to question 8 changed from 'Yes' to 'No,'

and for judgment upon the special verdict so amended and upon the uncontradicted evidence dismissing the complaint with costs.

"3. That the answers to subdivision (a) of question 4 respecting these defendants and each of them be changed from 'Yes' to 'No,' the answers to subdivision (b) of question 4 respecting these defendants and each of them be changed from 'Yes' to 'No,' the answers to subdivision (c) of question 4 respecting these defendants and each of them be changed from 'Yes' to 'No,' the answers to questions 5, 6, 7, 8, and 9 be stricken out, and for judgment upon the special verdict so amended and upon the uncontradicted evidence dismissing the complaint with costs.

"4. That the answers to questions 5, 6, and 7 (all subdivisions thereof) be changed from 'Yes' to 'No,' and for judgment upon the special verdict so amended and upon the uncontradicted evidence dismissing the complaint with costs.

"5. That the answers to question 2 as to these defendants and each of them be changed from 'Yes' to 'No,' and the answer to question 3 as to these defendants be stricken out; and for such other further or different relief with respect to the answers of said special verdict and every part thereof as may be meet in furtherance of justice.

"If the motions of any of these defendants for judgment be all denied, then such defendants move, in the alternative:

"6. That the verdict herein be set aside and for a new trial: A. In furtherance of justice. B. Because the court erred in submitting to the jury questions 1, 2, and 3. C. Because the court erred in submitting to the jury subdivision (b) of question 4. D. Because the court erred in submitting to the jury subdivision (b) of question 4. E. Because the court erred in submitting to the jury subdivision (c) of question 4. F. Because the court erred in submitting the question subdivision (c) of question 4, as to the form thereof, in that it omits to state the rental yield of $208 monthly, admittedly disclosed to plaintiffs. G. Because the court erred in submitting question 9 as to the form thereof, in the manner indicated in defendants' exceptions preserved. H. Because the court erred in submitting question 11 to the jury. I. Because the verdict is contrary to law. J. Because the verdict is contrary to the evidence. K. Because the answers of the jury to the eleventh question and to subdivision

(a) of the fourth question are inconsistent; and the verdict perverse. L. Because the court failed and refused to include in the special verdict submitted the questions proposed upon the trial by these defendants, to which exceptions were preserved."

Question 11 of the special verdict referred to in subdivision K of the defendants' motion found that the reasonable market value of the Milwaukee property if it had been as represented by the defendants was $27,000. Question 10 found the reasonable market value of the plaintiffs' farm in June, 1921, to be $21,000, and the plaintiffs' personal property conveyed in June, 1921, $4,000.

On January 11, 1924, the court upon its own motion entered the following order:

"This action having been tried at this term before a jury and a special verdict having been rendered herein, and motions having been made and filed by both parties, the defendants *A. C. Hamann, Scheuer & Tiegs, Joseph F. Scheuer,* having moved among other things upon the judge's minutes to set aside the verdict and grant a new trial, and such motions not yet having been heard or determined, and the sixty days limited by statute not having elapsed, and there being good cause therefor;

"It is ordered that the time for hearing and determining the motions herein, including the motion for a new trial, be and the same is hereby extended for cause to the 1st day of April, 1924."

To this order the plaintiffs duly excepted. Like orders to which plaintiffs excepted were entered on March 29, 1924, April 26, 1924, June 23, 1924, July 30, 1924, August 25, 1924, September 22, 1924, except that the order of September 22d included other cases, October 20, 1924, November 28, 1924, December 29, 1924, and January 27, 1925, which last order extended the time to March 17, 1925. Under date of February 14, 1925, the circuit judge filed an opinion which with the statement of facts, also written by the court, consisted of fifteen single-spaced typewritten

pages, in which it was held that plaintiff was not damaged over $4,000 and that was the outside sum that a fair-minded and reasonable jury would have found by its answers under the circumstances. The order was entered February 26, 1925, under date of February 23, 1925, to which the plaintiffs duly excepted and from which the plaintiffs appeal.

The material parts of the order appealed from are as follows:

"That plaintiffs may at their option take judgment against the defendants *A. C. Hamann, Scheuer & Tiegs, Joseph F. Scheuer* and *James McKenna* in the sum of $4,000 with costs, such option to be exercised by filing an election in writing on or before March 16, 1925, serving a copy thereof upon counsel for defendants at the time of filing, or have a new trial; and that in the event of the failure or refusal of plaintiffs on or before March 15, 1925, to take such judgment, that the verdict herein be thereupon and without further order set aside and a new trial granted.

"That the several motions after verdict inconsistent herewith be and are hereby denied."

From this order the plaintiffs appeal, and the first question raised is whether or not the court had authority or jurisdiction on the date on which the order was entered to grant a new trial. Sec. 270.49, Stats. 1925 (formerly sec. 2878), provides:

"The judge before whom the issue is tried, may, in his discretion, entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions or because the verdict is contrary to law or contrary to evidence, or for excessive or inadequate damages or in the interests of justice; *but such motion if heard upon the minutes must be made and heard within sixty days after the verdict is rendered, unless the court by order shall extend such time for cause.*"

As already recited, the court in this case attempted to extend the time under the provisions of this statute, and it is not claimed that if the twelve orders were not effective

for that purpose that the motion was made and heard within the time fixed by statute, and unless so made the motion for a new trial is deemed constructively denied. *Notbohm v. Pallange,* 168 Wis. 225, 169 N. W. 557.

All of the orders extending the time are in the form already set out, containing the recital "and there being good cause therefor" and the words "for cause" in the order itself. This statute has been many times before this court, but in no case has the situation presented by the facts in this case been under consideration.

It is to be noted that the statute does not provide that extension shall be granted "for cause shown." No doubt the language of the section was intended to imply that cause for extension of the time for which the order might be granted might exist which did not affect the parties to the action, as illness of the judge, delay in procuring transcript of the reporter's notes, press of judicial duties, or other like matters might constitute justifiable cause. Such cause would not be within the knowledge of either of the parties. On the other hand, the parties might ask for an extension of time in order to prepare and file briefs or on account of illness of counsel or for other adequate reasons. While there are cases in which the meaning of the words "for cause" or "for cause shown" are considered, we have found none where they are considered in relation to a matter such as is presented by this record. Originally a motion for a new trial had to be heard and decided at the term at which the case was tried. *Kurath v. Gove Automobile Co.* 144 Wis. 480, 129 N. W. 619. There were also numerous jurisdictions in which a term extended for six months and there were unwarrantable delays on the part of trial courts in rendering decisions. The statute was enacted no doubt for the purpose of giving the judge a reasonable opportunity to consider the merits of the case and at the same time to prevent unwarrantable and undue delay. Having in mind the purpose of the statute, it

is considered that a mere recital in the order that cause exists, without setting forth the nature of the facts out of which the cause arises, is a mere idle formality and amounts to nothing. Nor is the recital aided in any way by the record. Ordinarily, where an order is made upon the record and it is recited that there is cause, the presumption is that good and adequate cause exists, but the situation presented here is not that situation. If by a mere recital such as was contained in this order the time can be extended as in this case for fifteen months, the statute becomes a nullity so far as preventing unwarrantable delay is concerned. Without in any way impairing the presumption that obtains in ordinary cases that the act of the court is based upon reasonable and adequate grounds, nothing appearing to the contrary, it is considered that in the situation presented by the facts here that rule has no application; that where an order extending the time under the section is made, facts must be set forth out of which the cause arises; otherwise the statute could be set at naught and the parties would be without remedy. It is doubtful if an appeal to the supervisory power of this court would be effective, for the reason that if the time could be so extended the trial court would never be delinquent so long as he continued to make orders extending the time, and if the ordinary presumption was indulged in, it could not be successfully alleged that there was an abuse of discretion. We cannot and do not assume in this case that the action of the learned judge was contumacious or done in an attempt to evade the plain statutory command, although that may be the practical effect of the course pursued in this case.

Upon the record before us it must be held that the orders were ineffective for the purpose of extending the time within which the court might grant a new trial. The order made thirteen months after the motions were submitted was void. It has been suggested that, the appeal being from a void order, this court has no jurisdiction; but this court from an

early day has held that though an appeal be from a judgment or order which is void, the supreme court obtains jurisdiction on an appeal from such a judgment or order and may reverse it. The contrary has been held in other jurisdictions. See cases cited in 33 L. R. A. N. s. 737. The order appealed from, therefore, must be reversed.

Upon the appeal of the plaintiff being taken, the defendants, pursuant to the authority conferred by the last paragraph of sec. 3049a, served notice that they would ask a review of certain rulings of which they complained and the respects in which they ask review and reversal of the order appealed from as follows:

"1. The denial of the motion of these respondents (defendants below), made at the close of the evidence, for directed verdict and dismissal of the complaint upon the merits; and the denial of the motion after verdict for judgment in favor of these respondents dismissing the complaint notwithstanding the verdict.

"2. The submission of the conspiracy questions (Nos. 1, 2, and 3 of the special verdict) to the jury over the objection of these respondents; and the denial of the motion of these respondents after verdict to change the answer to question No. 1 from 'Yes' to 'No' and to strike out questions No. 2 and No. 3.

"3. The submission to the jury of questions No. 8 and No. 9 of the special verdict over the objection of these respondents to the form of such questions on account of their being double (or treble); and the determination upon the motions after verdict that the verdict with affirmative answers to questions 8 and 9 would sustain a judgment for plaintiffs (appellants here).

"4 The denial of the motion of these respondents after verdict to change the answer to question No. 8 in the special verdict from 'Yes' to 'No' and for judgment in favor of these respondents dismissing the complaint upon the verdict as so amended.

"5. The denial of the motion of these respondents after verdict to change the answer to question No. 9 in the special verdict from 'Yes' to 'No' and for judgment in favor of

these respondents dismissing the complaint upon the verdict as so amended.

"6. The submission of question No. 11 of the special verdict in view of the submission of subdivisions (b) and (c) of question No. 4 and the absence of any evidence as to how such representations, if true, would have affected the value of the Milwaukee property; and the determination that the verdict, in view of the absence of such evidence, would sustain a judgment for plaintiffs (appellants here) for any damages.

"7. The direction and order that appellants have the option to take judgment for $4,000.

"And ask review thereof and reversal of the order appealed from, with directions to dismiss the complaint as to respondents with costs."

The applicable clause of sec. 3049a, Stats. (now sec. 274.12), is as follows:

"In any case the respondent may have a review of the rulings of which he complains by serving upon the appellant any time before the case is set down for hearing in the supreme court, a notice stating .in what respect he asks for a review, a reversal or modification of any part of the judgment or order appealed from."

An order granting a new trial is made appealable by the terms of sec. 274.33 (formerly sec. 3069), but an order denying a motion for a new trial or for judgment notwithstanding the verdict, or to amend the verdict and for judgment on the amended verdict and the evidence, is not appealable because it does not in effect determine the action nor prevent a judgment from which an appeal may be taken. However, the defendants seek to have reviewed here that part of the order made by the court denying their several motions under a notice of review served upon plaintiffs' appeal. It is not necessary to determine in this case what may be reviewed upon a notice served pursuant to the provisions of sec. 274.12. The order appealed from being a void order, .this court takes jurisdiction only to reverse the order. *Spaulding v. Milwaukee, L. S. & W. R. Co.* 57 Wis.

304, 14 N. W. 368, 15 N. W. 482; *Kidder v. Fay,* 60 Wis. 218, 18 N. W. 839; *Van Slyke v. Trempealeau Co. F. M. F. Ins. Co.* 39 Wis. 390.

The court denied the several motions of the defendants inconsistent with the relief granted in the order awarding the plaintiffs a new trial or the option to take judgment for $4,000. While it might be said that the order, although single in form, is double in purpose and is therefore two orders, the order granting a new trial in this case is so connected in substance with the denial of the defendants' motions, and the order granting a new trial being void because made beyond the sixty-day period, the whole order is void and the defendants' motions stand as if they had not been passed upon. It is considered, therefore, that the case should be remitted to the circuit court for Brown county, and the judge before whom the trial was had should pass upon the defendants' motions and judgment should be directed accordingly, and if the defendants seek a review of the court's determination in that respect relief can be had by an appeal from the judgment. If the court is of the view that the findings of the jury are not sustained by the evidence, relief can be had in this case by directing judgment for the proper amount. It is fortunate that the record is in this shape, because if it were not the rights of the parties might otherwise be seriously impaired.

The case was thoroughly and exhaustively argued upon the merits and we were urged to determine the case upon this appeal. We cannot under the circumstances adjudicate the issues raised, the order appealed from being void.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions for further proceedings in accordance with this opinion.