Brown v. Gaulke, 191 Wis. 347.

---

BROWN, Appellant, vs. GAULKE and wife, Respondents.

*October 16—November 9, 1926.*

*New trial: Failure to decide motions within statutory time: Constructive denial: Appeal: From order denying new trial: Jurisdiction of court.*

1. Failure of the court to decide motions after verdict within the time fixed by sec. 270.49, Stats., is a constructive denial thereof. p. 348.
2. An order denying a motion for a new trial is not appealable. p. 348.
3. On appeal from an order granting a new trial after a void order extending the time to dispose of motions after verdict, the supreme court takes jurisdiction only to reverse the void order, and cannot pass on the merits of the questions raised by such motions. p. 348.
4. Appellant cannot question rulings favorable to him. p. 348.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

Action by *Agnes Brown* to recover from the defendants *Gaulke* for personal injuries. From an order granting a new trial plaintiff appealed.

Plaintiff, a tenant in defendants' apartment building, was injured by falling downstairs in the apartment building. The findings of the jury were all favorable to the plaintiff. Motions after verdict were not disposed of within the sixty days prescribed by sec. 270.49 of the Statutes. But prior to the expiration of the sixty days the court entered an order extending the time for disposing of such motions and which order recited: "The time for decisions of motions after verdict being about to expire, court on its own motion hereby extends the time to and including July 1, 1926." Thereafter and prior to July 1, 1926, the court made an order setting aside the verdict and granting a new trial.

The cause was submitted for the appellant on the brief of *Joseph G. Hirschberg* of Milwaukee, and for the respondents on that of *A. W. Foster* of Milwaukee.

STEVENS, J.   1. Counsel concede that the order extending time to dispose of motions after verdict was null and void because it set forth no facts showing cause for such extension within the rule stated in *Borowicz v. Hamann,* 189 Wis. 212, 218, 207 N. W. 426, 428.

2. Counsel request that the court pass upon the merits of the questions raised by the motions after verdict. This cannot be done. The failure to decide the motions within the time fixed by sec. 270.49 of the Statutes resulted in a constructive denial of the motions pending at the expiration of the sixty-day period. An order denying the motion for a new trial is not appealable. The case is here upon the appeal of the plaintiff alone. The plaintiff cannot question rulings which are favorable to herself. Again, the order being a void order, the court takes jurisdiction only to reverse the order. The court cannot on an appeal

from a void order pass upon the merits of the questions raised by the motions after verdict. *Borowicz v. Hamann,* 189 Wis. 212, 220, 221, 207 N. W. 426, 429, 430. This conclusion is not in conflict with that reached in *Kurath v. Gove Automobile Co.* 149 Wis. 390, 392, 135 N. W. 752, in which case the appeal was from the judgment, which necessarily involved the merits of the constructive denial of the motion for a new trial.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.