Brown v. Gaulke, 194 Wis. 537.

BROWN, Respondent, vs. GAULKE and wife, Appellants.

*December 6, 1927—January 10, 1928.*

*New trial: Not required because one answer in verdict not supported by evidence.*

In an action by a tenant for injuries sustained when she fell down the stairs of an apartment, due to the failure of the landlord to provide a platform of proper width at the entry into a doorway, where there was ample evidence to sustain the jury's answer to all the questions of the special verdict excepting wherein it was found that the absence of a handrail was a proximate cause of the tenant's injuries, a new trial after judgment for the tenant is *held* not required in the interests of justice, where plaintiff's testimony as to the happening of the injury was not only undisputed but highly plausible, the damages awarded were reasonable, and the action had been pending in the courts for about five years, and where the jury also found, on ample evidence, that the landlord was negligent in failing to provide lighting for the stairway, which was also a proximate cause of the injury.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Foster & Dieterich* of Milwaukee, and oral argument by *A. W. Foster.*

*Joseph G. Hirschberg* of Milwaukee, for the respondent.

DOERFLER, J.   Facing west on Milwaukee street, a north-and-south street in the city of Milwaukee, there is situated a one-and-one-half-story building, which contains four small apartments.   The center of the building contains an inclosed stairway leading up to the second floor from a small hallway from the front of the first story, and on each side of this stairway is located an upper and lower apartment, leased to tenants.   The stairway leads to a platform on the second floor which is three feet square.   To the north of this platform is a doorway leading into plaintiff's apartment, and the platform itself is about six inches narrower than the width of the doorway.

On or about the 16th day of November, 1922, plaintiff, a lady of about sixty-eight years of age, had returned to her apartment at about 5 o'clock in the evening. There were no lights lit in the apartment, and there were no facilities for artificial lighting in the stairway. Plaintiff heard the newsboy deposit her evening paper on the stairway, and she then proceeded to descend the stairs to obtain it, and when she arrived upon the platform prior to her entry into the doorway she stepped into the opening on the platform, caused by its failure to cover the entire width of the doorway, and as the result she tumbled down the stairs, which resulted in the injuries complained of.

The action is based upon the so-called safe-place statute, and recovery is sought first upon the ground that the platform from which the plaintiff fell was so constructed as to violate the provisions of said statute and of a general order known as number 5117 of the industrial commission, under and pursuant to which a platform like the one in question is required to extend over the full width of the doorway; also that the defendants failed to provide said stairway with at least one hand-rail; and because there was no artificial light provided for the lighting of such stairway.

That the building was a public building as defined by the safe-place statute is beyond question, as it was leased and was occupied by four different tenants. That order number 5117 of the industrial commission, requiring the platform to be at least as wide as the doorway, is a reasonable order, designed for the protection of the tenants and of all persons who might legally use such stairway and platform, is self-evident. Had a hand-rail been constructed along the north side of the stairway it might have effectually prevented this injury. However, the order of the industrial commission merely requires a hand-rail on one side of the stairway, and therefore it can hardly be said that if the railing had been placed upon the south side of the stairway it would have effectually prevented plaintiff's fall.

The accident happened on the 16th day of November, at about 5 o'clock in the afternoon of that day. The only light which led onto this platform came through a glass pane at the foot of the stairway and from another glass pane at the head of the stairway. The evidence discloses the fact that when the accident happened it was quite dark, and this can readily be assumed from the time of the year, the narrowness of the stairway, the limited amount of daylight which still might have lingered and entered the two places above mentioned, and the absence of all artificial lighting. There was no one present outside of the plaintiff who could testify to the manner in which the accident happened.

The case was submitted to the jury upon a special verdict, and the jury found that the platform at the top of the stairway was not as free from danger as the nature of such platform reasonably permitted; that such failure to properly construct and maintain such platform constituted a proximate cause of the injury; that the defendants were negligent in failing to provide lighting for the stairway, and that such failure also was a proximate cause of the injury; that the defendants also were negligent in failing to provide the stairway with a hand-rail, and that such negligence was also a proximate cause of the injury; and that the plaintiff was free from contributory negligence.

There is ample evidence in the record to sustain the answers of the jury to all of the questions of the special verdict (excepting only the one wherein it was found that the absence of a hand-rail was a proximate cause of plaintiff's injuries), and no useful purpose would be served in reviewing the same. Under the safety order of the commission a single hand-rail on either side of the stairway would have complied with the commission's order. Had the hand-rail been located along the south side of the stairway, it is difficult to see how such rail would have afforded any protection to the plaintiff. The conclusion that it would, would be based upon mere speculation.

The case came before this court on an appeal from an order of the lower court granting a new trial upon the ground that justice had not been done. Inasmuch as the order of the court was made after the expiration of sixty days subsequent to the rendition of the verdict, no valid order having been made to extend the time during which the decision might be legally rendered, the order of the lower court was reversed, and the cause was remanded for further proceedings according to law. The opinion in the former appeal is found in 191 Wis. 347, 210 N. W. 687. Thereupon judgment was entered in plaintiff's favor on the verdict, and the present appeal is from the judgment.

It is now claimed that this court should grant a new trial upon the ground that the interests of justice require it. The plaintiff was the sole witness who could testify as to the happening of the injury. Her testimony is not only undisputed but is highly plausible. Outside of the plaintiff's testimony as to the happening of the injury, the testimony is principally devoted to physical facts in regard to which there is no material dispute. The damages are reasonable. The accident happened in November, 1922, and the action has been pending in the courts for a period of about five years. We feel that the interests of justice do not require a new trial, but, on the contrary, a prompt affirmance of the judgment.

*By the Court.*—Judgment affirmed.