MARINETTE COUNTY HIGHWAY COMMITTEE, Respondent, vs. INDUSTRIAL COMMISSION and another, Defendants: WEST, Appellant.

*March 18—April 12, 1938.*

For the appellant there was a brief by *Evrard & Evrard* of Green Bay, and oral argument by *Raymond E. Evrard* and *Francis L. Evrard*.

*S. E. Eastman,* special assistant to the district attorney of Marinette county, for the respondent.

FAIRCHILD, J. We agree with the learned trial court that the evidence does not show who was the employer of defendant West at the time of his injury. The method of payment for his services does somewhat obscure the controlling entity, described as employer. There was apparently some interchange between the county of Marinette and the state involving West's services. But in the proceedings before the commission, neither the state nor the county, either of which may or may not have been the employer, was a party and neither is here a party to the record. This doubtless accounts for failure to litigate the important issue of whose employee West was at the time of injury.

Defendant, acting without advice of counsel, made his claim against a committee of the county. Simple as these matters are intended to be, the provisions of law to protect municipal corporations against improper claims cannot be brushed aside, and it is necessary also under the Workmen's

Compensation Act to keep within the bounds fixed by the legislature in conducting proceedings which may result in placing heavy financial responsibilities upon an employer. The legislature has included as an employer "the state, each county, . . . and other public or *quasi*-public corporations therein," subject to the provisions of the Workmen's Compensation Act, sec. 102.04, Stats. This leaves no room or excuse for an attempt to reach the employer, whether the state or the county, by proceedings against a mere committee of such employer. In view of the section of the act referred to and the further provision of sec. 102.17 authorizing the commission upon the filing of an application such as here involved to bring in additional parties by service of a copy of the application, we are of the opinion that a proper procedure under the case now presented is to remand the cause with instructions to the Industrial Commission for further proceedings in accordance with law. *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191; *Hills Dry Goods Co. v. Industrial Comm.* 222 Wis. 439, 267 N. W. 905.

*By the Court.*—Judgment reversed, and cause remanded with instructions to remand the case to the Industrial Commission for further proceedings in accordance with law.