In re Hogan : Hogan, Appellant, vs. The State, Respondent.

*September 15—October 10, 1939.*

522

For the appellant the cause was submitted on the brief of *John E. Ferris* and *John E. Ferris, Jr.,* attorneys, and *Louis S. Weiner,* guardian *ad litem,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Gene L. Green,* assistant district attorney, and oral argument by *Mr. Green.*

MARTIN, J. Appellant contends that the court erred in instructions given and in failure to instruct; also that the verdict and the judgment are contrary to the evidence and the law. No request was made for any instructions, general

or specific. The court submitted two forms of verdict in connection with which the court instructed as indicated below. One form of verdict read:

"(1) We, the undersigned jurors in the case of Earl Hogan, having heard the evidence in the case, find that the said Earl Hogan is insane."

Immediately following the foregoing, the following question was submitted:

"(2) If the foregoing is your verdict, you will then answer this question: 'Do you find that the insanity of said Earl Hogan is incurable?'"

In connection with the foregoing form of verdict, the court instructed the jury as follows:

"Your answer to this question will be 'Yes' or 'No,' as you may determine. Such answer is also to be signed by the *six* of you, if an answer to the second subdivision is required by your having made such a finding under the first subdivision. If you made such a finding as to subdivision one, you must answer the second question under subdivision two.

"If you are satisfied or convinced by the preponderance or the greater weight of the credible evidence to a reasonable certainty that Earl Hogan is now insane, you will adopt the form of verdict under such subdivision one, which conforms with that finding, and sign the same. Thereupon you will, if such be your verdict, carefully consider subdivision two of such form of verdict and make your answer thereto.

"If you are satisfied by a preponderance or a greater weight of the credible evidence to a reasonable certainty that the insanity of Earl Hogan is incurable, then your answer to subdivision two will be 'Yes' but if you are not so satisfied, you will answer said subdivision two with the word 'No.' Subdivision two will likewise be signed by you in such case."

The other form of verdict submitted reads:

"We, the undersigned jurors in the case of Earl Hogan, having heard the evidence in the case, find that said Earl Hogan is not insane."

In connection with this last form of verdict, the court instructed as follows:

"If you are not satisfied that the present insanity of Earl Hogan has been established by the degree of proof above stated, you will adopt the form last quoted and sign the same."

It will be noted that the court instructed that it was necessary that all six jurors sign the verdict agreed upon. In this respect the court erred, as it was only necessary that five members of the jury agree upon their verdict. The procedure applicable in trials by jury in justices' courts controls, sec. 51.03, Stats., provides:

"If a jury trial be demanded by the alleged insane person or by any relative or friend acting in his behalf, before or after commitment, the judge shall direct that a jury be summoned to hear and determine the question whether such person is insane. If such a trial is demanded *the procedure* shall be the same as in trials by jury in justices' courts. . . ."

and sec. 302.18, Stats., relative to verdicts in justices' courts, provides:

"When the jurors have agreed upon their verdict they shall deliver the same to the justice publicly, who shall enter the same in his docket and enter judgment according to said verdict. *A verdict agreed to by five jurors shall be the verdict of the jury.*"

However, it is apparent that the error complained of was favorable to appellant. The instructions required that all six jurors agree upon their verdict; they did so agree. The rule is well established that a party will not be heard to complain of errors favorable to him. *Brown v. Gaulke,* 191 Wis. 347, 348, 210 N. W. 687; *Max L. Bloom Co. v. United States C. Co.* 191 Wis. 524, 529, 210 N. W. 689; *Kramer v. Bins,* 205 Wis. 562, 569, 238 N. W. 407; *State v. Galle,* 214 Wis. 46, 252 N. W. 277. An erroneous instruction relating to a

five-sixths verdict is not reversible error where the jury's verdict is unanimous. *Bentson v. Brown,* 186 Wis. 629, 637, 203 N. W. 380; *Olk v. Marquardt,* 203 Wis. 479, 487, 234 N. W. 723; *Guth v. Fisher,* 213 Wis. 323, 331, 251 N. W. 223; *Fraundorf v. Schmidt,* 216 Wis. 158, 256 N. W. 699.

The appellant contends that the court erred in its instructions relating to subdivision two in the first form of verdict set out above, in connection with which the court said:

"If you are satisfied by a preponderance or a greater weight of the credible evidence to a reasonable certainty that the insanity of Earl Hogan is incurable, then your answer to subdivision two will be 'Yes.' But if you are not so satisfied you will answer said subdivision two with the word 'No.' "

In this connection appellant argues that there is a presumption against insanity, also that there is a presumption against insanity being incurable. The contention is made that if any doubt existed in the minds of the jury on either question, the appellant was entitled to the benefit of the doubt, and that the court should have so instructed. In the instant case, we are of the view that appellant entered upon the trial with a presumption of insanity based on the unreversed judgment of 1931 and his continued confinement thereafter in the Central State Hospital for the Criminal Insane at Waupun. In *State v. Wilner,* 40 Wis. 304, 306, defendant was convicted of murder. Defendant's counsel requested the following instruction:

"Although sanity is presumed to be the normal state of the human mind, when insanity is once proved to exist, it is presumed to exist until the presumption is overcome by contrary or repelling evidence."

At page 306 the court said:

"The instruction was refused. Some such instruction was clearly right and pertinent to the case; and the refusal to give it was error sufficient to reverse judgment on the verdict."

In view of appellant's contention as to presumptions, reference to sec. 51.13 (3), Stats., is pertinent. This section provides:

"Upon the expiration of two years from the time of granting such parole or such leave of absence the authority of the superintendent to require the return to the hospital or asylum of the person paroled or granted leave shall end, and the presumption of insanity against such person because of the original adjudication that he was insane shall cease, and until a new adjudication to the contrary, he shall be presumed sane the same as though his sanity had been established by a judicial determination."

It appears from appellant's petition for re-examination that he has been continuously confined to the Central State Hospital for the Insane at Waupun since his commitment to said hospital on October 14, 1931. Without judicial determination to the contrary or a parole for a period of two years, there was no presumption that appellant was sane at the time of his re-examination on April 26, 1935.

The remaining alleged errors may be considered collectively. Appellant contends that the court erred, (1) in failing to instruct upon vital issues; (2) in its instructions as to the burden of proof; and (3) that the verdict and judgment are contrary to the evidence and law. The only issue was whether appellant was sane or insane at the time of his re-examination, a simple issue of fact for the jury. The jury having found him insane, the further inquiry was whether his insanity was incurable. While the instructions as quoted above are brief, we are of the view that they are sufficient. If counsel desired more elaborate instructions, he had the right to request same. The verdict is sustained by the evidence, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.