IN RE BRAND: BRAND, Appellant, vs. MILWAUKEE COUNTY, Respondent.*

*April 7—December 23, 1947.*

* Motion for rehearing denied, with $25 costs, on February 17, 1948.

532

*Charles L. Mullen* of Milwaukee, attorney, and *Clyde E. Sheets,* of Milwaukee, judge advocate Alonzo Cudworth Post No. 23, American Legion, of counsel, for the appellant.

For the respondent there was a brief by *William J. Mc-Cauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel, and oral argument by *Mr. Russell.*

ROSENBERRY, C. J. During the consideration of this case the question arose whether orders made pursuant to ch. 51, Stats., are appealable. Counsel were asked to file additional briefs upon this question. Counsel for the petitioner responded, and the district attorney concurred by letter in the views of the appellant.

Sec. 51.01 (1), Stats., provides:

"Whenever any person within this state shall be believed to be insane or senile, application may be made in the manner prescribed in subsection (2) [name of the persons qualified to make the application] to the *judge* of the county court or of a district court which is a court of record, or in the absence or disability of such *judge* to the *judge* of any court of record acting in his place. . . ."

Throughout ch. 51, Stats., all provisions relating to the procedure are applicable to the judge only.

Sec. 51.05. (1), Stats., provides:

"If the *judge* or a jury find that the person thus alleged to be insane is a fit subject to be sent to a hospital or asylum for the insane, the *judge* shall order him to be committed as hereinafter provided."

Sec. 260.03, Stats., is as follows:

"An action is an ordinary court proceeding by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding."

Proceedings under ch. 51, Stats., are not actions. Such proceedings are inquests to determine the sanity of the person about whom the inquiry is made and are therefore special proceedings.

Sec. 270.53, Stats., is as follows:

"(1) A judgment is the final determination of the rights of the parties in the action.

"(2) Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

The proceedings under ch. 51, Stats., are before the judge. Proceedings under that chapter being special and not actions, determinations made by the judge are orders and not judgments.

We are asked to disregard the distinction between the terms "judge" and "court" because in some instances they have been used interchangeably. Not so in the statutes relating to procedure. Counsel argue that the appeal in this action is taken under sec. 274.01 (1), Stats., which provides:

"Except as otherwise specially provided, the time within which a writ of error may be issued or an appeal taken to obtain

a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to six months," etc.

The argument is that this section authorizes appeals from orders. Sec. 274.33, Stats., relating to appealable orders, provides:

"The following orders *when made by the court* may be appealed to the supreme court:"

Certainly the legislature would not have observed carefully the distinction between these terms and carefully defined them if they were to be used interchangeably. The fact that many lay people and even some members of the legal profession use the term "judge" when referring to a court and the word "court" is used to refer to a judge is immaterial. The legislature having carefully preserved the distinction it is not the function of this court to amend or change the statute.

It therefore appears that no appeal lies from an order made by a judge in a special proceeding under ch. 51, Stats. The reason for the distinction is plain. Under the constitution there are three separate and distinct branches of jurisdiction: (1) Appellate jurisdiction; (2) concerning control over inferior courts; (3) the original jurisdiction to be exercised by certain writs.

It has been held that appellate jurisdiction under these provisions extends only to the revision of the decisions of inferior courts. *State v. Brownell,* 80 Wis. 563, 50 N. W. 413; *Hubbell v. McCourt,* 44 Wis. 584. See also *Whereatt v. Ellis,* 68 Wis. 61, 30 N. W. 520, 31 N. W. 762.

It has been held over and over again that the right of appeal is statutory and does not exist except where expressly given and cannot be extended to cases not within the statute. *Western Union R. Co. v. Dickson* (1872), 30 Wis. 389; *Witzko v. Koenig,* 224 Wis. 674, 272 N. W. 864.

The orders appealed from are not appealable and the appeals confer no jurisdiction upon this court.  *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720.

In the case of *In re Hogan,* 232 Wis. 521, 287 N. W. 725, the distinction between "judge" and "court" was overlooked, and the case was treated in the trial court and in this court as if it were a trial before the court.   That was a proceeding under sec. 51.11, Stats. 1933.   This section provided:

". . . Any person adjudged insane . . . may . . . have a retrial or re-examination of the question whether such person is sane or insane *before the judge* of any court of record of the county in which such person resides. . . ."

In the case of *In re Ziegler,* 245 Wis. 453, 15 N. W. (2d) 34, the statement is made *arguendo* in a *habeas corpus* case that error could only be reviewed by writ of error or appeal. So far as these cases are in conflict with the determination in this case they are overruled.   The precise question involved in this case was not raised in either case.

*By the Court.*—The appeals are dismissed.