THE STATE EX REL. TEWALT vs. POLLARD, Justice of the Peace.

*November 5 — November 29, 1901.*

*Supreme court: Superintending control, when exercised: Constitutional law: Supervisory jurisdiction of circuit courts: Prohibition.*

1. The supreme court will not exercise its extraordinary power of superintending control over inferior courts when there is another adequate remedy.

2. Sec. 8, art. VII, Const. (providing that circuit courts shall have "appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same," and "shall have the power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments, and decrees, and give them a general control

over inferior courts and jurisdictions"), is an absolute grant of supervisory jurisdiction, and the legislature cannot take away any part thereof, nor deprive the circuit court of the use of any common-law writ, whether named in said section or not, necessary to the exercise of such jurisdiction. So far, therefore, as sec. 3457, Stats. 1898, inhibits the use of the writ of prohibition by the circuit courts in the exercise of their supervisory jurisdiction, it is void.

PROHIBITION to *S. R. Pollard,* a justice of the peace. *Writ quashed.*

This is an application for a writ of prohibition to be issued out of this court, preventing the respondent, as justice of the peace, from the commission of further acts in a certain prosecution pending before him, on the ground that such acts are in excess of his jurisdiction. The verified relation showed that on October 9, 1901, one Banks made complaint in writing to the respondent, who was a justice of the peace of the city of Viroqua, charging that Grant Pierce and Jack Mills had violated secs. 1565a–1565c of the Revised Statutes of Wisconsin, relating to the sale of intoxicating liquors; that on the filing of the said complaint, and before issuing any warrant in said case, *Justice Pollard* issued a subpoena for the attendance of fourteen witnesses, including the relator, and that said subpoena required the relator, as secretary of the Viroqua Club, to produce the secretary's books and records before the justice; that the relator appeared before the justice, but refused to produce the books and records on the ground that their production might tend to criminate him; that the justice thereupon decided that the production of said books would not tend to criminate him, and required the relator to show cause why he should not be punished for contempt. Upon this relation an application was made to this court on the 16th of October, 1901, for the issuance of an alternative writ of prohibition; and said writ was on said day duly issued, and made returnable on the 5th day of November, 1901, at which time the respondent appeared

and moved that the alternative writ be quashed because (1) the same was improvidently issued, and because (2) it appears upon the face of the relation and of the writ that the respondent has not exceeded his jurisdiction.

*W. F. Wolfe* and *C. W. Graves*, for the relator.

*J. Henry Bennett*, district attorney, and the *Attorney General*, for the respondent.

WINSLOW, J.    This is an application for the exercise by this court of the power of superintending control over a justice of the peace.    Since the case of *State ex rel. Fourth Nat. Bank v. Johnson*, 103 Wis. 591, there seems to be little necessity of discussing the nature and extent of the jurisdiction of this court by way of a superintending control over inferior courts.    It is a high power, which enables this court, by the use of all necessary and proper writs, including the writ of prohibition, to control the course of litigation in inferior courts when such a court either refuses to act within its jurisdiction, or acts beyond its jurisdiction, to the serious prejudice of the citizen.    But this court will not exercise its jurisdiction when there is another adequate remedy, by appeal or otherwise, nor unless the exigency is of such an extreme nature as obviously to justify and demand the interposition of the extraordinary superintending power of the court of last resort of the state.    *State ex rel. Meggett v. O'Neill*, 104 Wis. 227; *State ex rel. Milwaukee v. Ludwig*, 106 Wis. 226.    And so, when the application for the alternative writ in this matter was made, counsel was asked from the bench whether there was not an adequate remedy open to the relator by application to the circuit court.    To this counsel replied that under sec. 3457, Stats. 1898, the writ of prohibition can only be issued by this court, and hence that he was compelled to come to this court for relief.    Out of deference to the provisions of this section, which has stood upon the statute book of the state since

1849 (sec. 9, ch. 125, R. S. 1849), we concluded to issue the alternative writ, and suggested to counsel that when the case came up for argument we should desire to hear argument upon the question of the constitutionality of sec. 3457, so far as it attempted to strip the circuit courts of the power to issue writs of prohibition. Such argument has been had upon the motion to quash, and the question is now before us for decision.

The constitutional grant of power to the circuit courts (Const. Wis. art. VII, sec. 8) is as follows:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a *supervisory control over the same*. They shall also have the power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions."

This grant of power was said by this court at an early day to vest the circuit court with "greater powers than were probably ever before in a free government delegated to any one tribunal,— the united powers of the English King's Bench, common pleas, exchequer, and chancery." *Putnam v. Sweet,* 2 Pin. 302. See, also, *State ex rel. Att'y Gen. v. Portage City W. Co.* 107 Wis. 441. It will be at once seen that the section of the constitution quoted contains three separate grants of jurisdiction to the circuit courts: first, the original jurisdiction in all matters, civil or criminal; second, the appellate jurisdiction from all inferior courts and tribunals; and, third, the supervisory control over all such courts and tribunals. Added to these definite grants of jurisdiction is also given the power to issue all writs necessary to make their orders and judgments effective, and give them a general control over inferior courts. It is plain that the words "supervisory control," in the section, are to be construed as

synonymous with the words "superintending control," as used in the constitutional grant of power to this court. The first of these grants of jurisdiction, namely, the grant of original jurisdiction, is expressly limited to matters not elsewhere excepted in the constitution, and not thereafter prohibited by law. The second grant of jurisdiction, namely, the appellate jurisdiction, is necessarily limited by future statutes regulating and providing for appeals, because appeals are always purely statutory matters, and may be provided or taken away as the legislature may see fit. But the third grant of jurisdiction, namely, the "supervisory control," is not limited by the constitution itself, nor is power expressly or impliedly given to the legislature to impair it or take it away. It stands in the constitution as an absolute grant of power, which is just as broad and sweeping in its terms as the grant of "superintending control" to this court in sec. 3 of art. VII of the constitution. This grant carried with it the power to issue all the common-law writs necessary to carry it into effect, even had no writ been named in the constitution. *Att'y Gen. v. Railroad Cos.* 35 Wis. 425; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591. See, also, an exhaustive and learned note to this case, on the subject of superintending control. 51 L. R. A. 33, subd. XII. It was therefore unnecessary to name any writs in the constitution, because the court took the writs with the grant of jurisdiction, and hence, also, the fact that the writ of prohibition is not named in the section is of no moment.

There is, of course, but one conclusion from these considerations, and that is that the legislature cannot take from the circuit court any part of its supervisory jurisdiction over lower courts, nor deprive the circuit court of the use of any writ so far as it may be necessary for the exercise of that jurisdiction. So far, therefore, as sec. 3457, Stats. 1898, attempts to do this, it must be held to be void. No reason is perceived, however, why the section may not stand as a

valid enactment so far as it regulates the practice in the supreme court in the matter of the issuance of writs of prohibition from this court, and so far as it inhibits the use of the writ by the circuit court in the exercise of its original jurisdiction. . There was therefore an adequate remedy open to the relator in the circuit court by which his rights could be protected if the respondent was acting beyond his jurisdiction; and, such being the case, this court refuses to assume jurisdiction.

*By the Court.*— Writ quashed.