CITY OF ASHLAND, Appellant, vs. WISCONSIN CENTRAL RAILWAY COMPANY and others, Respondents.

*February 2—May 10, 1904.*

*State and federal courts: Prior action.*

A state court should not proceed in an action when it appears that a prior action between the same parties and involving the same issues is pending in a federal court.

APPEAL from an order of the circuit court for Ashland county: A. J. VINJE, Judge. *Affirmed.*

This is an action in equity to compel the removal of certain obstructions which it is alleged the *Wisconsin Central Railway Company,* of which respondents are the receivers, placed in Second Avenue West—a public street in the city of Ashland—and praying that the defendants be enjoined from continuing such obstructions.

As stated in the companion case of *Ashland v. Whitcomb,* 120 Wis. 549, 98 N. W. 531, this case was appealed to this court, and a decree rendered therein, in an appeal from orders like the one in question. The facts of the case on the former appeal are reported in 114 Wis. 104, 89 N. W. 886. It now appears, in addition to the facts there stated, that the case was again noticed for trial in the circuit court for Ashland county for the September term, 1902, and that respondents appeared and moved the court at said term to strike the cause from the calendar, which motion was granted.

The order striking the cause from the calendar was based upon the record, files, and affidavits, setting forth the proceedings had in this case, as well as the companion case of *Ashland v. Whitcomb,* showing that the federal court had taken and retained jurisdiction of all questions pertaining to the removal of the obstructions from the streets in appellant city, and that it appeared that the action of *Ashland v. Whitcomb*

was pending, undetermined, in the United States Circuit Court for the Western District of Wisconsin, and that the receivers had brought a cross-bill in the action in the federal court, setting up all the facts alleged in appellant's complaint concerning the obstructions placed in Fourth Avenue West, and also as to all obstructions placed by them in Fourth street and Third and Second Avenues West, of said city, and praying that their possession of the streets be declared lawful, under title to the land, and that the title be declared vested in them, and that appellant city be forever enjoined from interfering or attempting to interfere with the right, title, or possession to such streets; that appellant had appeared and demurred to the cross-bill, raising an issue thereon, which remains undetermined and is pending in the federal court.

For the appellant there was a brief by *F. J. Colignon,* attorney, and *Dillon & Colignon* and *W. M. Tomkins,* of counsel, and oral argument by *Mr. Tomkins.*

For the respondents there was a brief by *Howard Morris* and *Thos. H. Gill,* and oral argument by *Mr. Gill.*

The following opinion was filed February 23, 1904:

SIEBECKER, J.    There is no dispute but that the cross-bill filed in the companion case of *Ashland v. Whitcomb,* 120 Wis. 549, embraced the cause of action sought to be litigated in this case.    The matters set out in the cross-bill concededly pertain to the rights of the respondents to the possession of and title to the land which appellant claims to be parts of the public streets, and that respondents are charged with having erected and continuing to maintain structures thereon which are alleged to be encroachments in the streets.    Respondents assert their right to this property by the authority vested in them under the order or decree of the federal court that they hold it for the court and apply it under the court's direction and administration.    Since it was determined in the *Whitcomb Case* that the federal court had assumed and retained

jurisdiction of the cause, it must follow that a prior action is pending in the federal court, wherein all the matters at issue in this case are to be litigated and finally determined between the same parties. Under such circumstances, the state court will defer to the jurisdiction and determination of the federal court, and take no proceeding in the case, unless the action be dismissed and thereby leave the state court free to proceed without conflicting with the jurisdiction of the federal court. We find the order striking the case from the calendar was properly granted.

*By the Court.*—Order affirmed.

Appellant moved for a rehearing.
The following opinion was filed May 10, 1904:

SIEBECKER, J. Appellant's motion for a rehearing in this case is based upon the ground that the court erred in assuming that the Wisconsin Central Railroad Company and its receivers are parties to this action. The claim is measurably justified, because the writer erroneously included in the statement of the case, when referring to the *Wisconsin Central Railway Company,* the phrase, "of which respondents are the receivers." That phrase is not in accordance with the facts, and should have been omitted. The decision was, however, made upon the facts as they are, and it must stand, and be treated as though the statement referred to were not in the case. That it was inadvertently incorporated in the case is apparent from the other portions of the statement of facts, and the explicit reference to the accurate statement of facts made in the decision when the case was before this court on its former appeal. No new grounds are suggested for a modification of the decision on this appeal. The reasons now advanced were in substance considered in the argument, and weighed by this court in reaching the decision. Since the federal court has assumed and retains jurisdiction of the

cause, as stated in the decision in the companion case, and the respondent railway company having, by its answer, pleaded the pendency of that action, and that the issues *in this action* are the same as those raised by the pending cross-bill and reply *in that action,* and that its claim of right to the streets in controversy is the same as the claim of the receivers urged in their cross-bill, we must adhere to our former conclusion holding that the trial court adopted the correct course in ordering that this action await the determination of the issues under the cross-bill in the federal court.

*By the Court.*—Motion denied, without costs.