314

## IN RE PETITION OF PHELAN.

*May 25—June 21, 1937.*

316

318

*Harold M. Wilkie* of Madison, *J. H. Johnston* and *R. W. Blakey,* both of Beloit, and *Albert F. Mecklenburger* of Chicago, Illinois, for the petitioner.

*Jeffris, Mouat, Oestreich, Wood & Cunningham,* and *Otto A. Oestreich,* all of Janesville, and *William Simon* of Chicago, Illinois, for the respondent.

NELSON, J.  The petition herein is made pursuant to sec. 3, art. VII, of the constitution of this state, which pro-

vides that "The supreme court shall have a general superintending control over all inferior courts." No question is raised as to the power of the court to exercise superintending control over all inferior courts by the use of either a writ of *mandamus* or a writ of prohibition. The language of the constitution contains a clear grant of power, indefinite in character, but unlimited in extent. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. So that this court, in the exercise of its superintending jurisdiction, may, within its sound discretion and pursuant to its applicable rules, control the course of litigation in all of the other courts of this state. In the case just cited it was said (p. 614) :

"It is very apparent that when the makers of the constitution used the words 'superintending control over all inferior courts' they definitely referred to that well-known superintending jurisdiction of the court of king's bench. In England it was a branch of the king's power lodged with the king's court; in this country it is a branch of the sovereign power of the people, committed by them as a sacred charge to this court, not to be exercised upon light occasion, or when other and ordinary remedies are sufficient, but to be wisely used for the benefit of any citizen when an inferior court either refuses to act within its jurisdiction, or acts beyond its jurisdiction to the serious prejudice of the citizen."

In *State ex rel. Hustisford L., P. & M. Co. v. Grimm,* 208 Wis. 366, 370, 243 N. W. 763, it was held that whether this court will in any given case exercise its superintending control "is one of judicial policy rather than one relating to the power of this court." In that case substantially all of the prior decisions relating to the superintending control of this court were cited and their holdings summarized. It was there said:

"It must be regarded as settled that by the constitutional grant of a 'general superintending control over all inferior

courts,' this court was endowed with a separate and independent jurisdiction, which enables and requires it, in a proper case, to control the course of ordinary litigation in such inferior courts. [Citing cases.] It is further established that the superintending power of this court will not be used lightly. This policy has been variously expressed. It will not be exercised where the remedy by appeal or writ of error is adequate; it will not be permitted to perform the office of an appeal; it will only be used to prevent irreparable mischief. [Citing cases.] Neither the power nor the exercise of it as a matter of policy is limited to keeping the lower court within its jurisdiction or compelling it to act. It has been exercised in cases where the ruling of the lower court was merely erroneous." (Citing cases.)

In that case the views of this court were carefully and considerately stated and there is no reason for again restating the rules which this court has declared to be applicable in the exercise of its superintending control of other courts. The *Fourth Nat. Bank Case, supra,* and the *Hustisford Case, supra,* leave little that may be said regarding the exercise of that power. From those cases and the other cases cited therein, it is clear that this court in exercising its superintending control will not use that power lightly. It will not be exercised when the remedy by appeal or writ of error is substantially adequate. It will not be permitted to perform the office of an appeal. It will be used to prevent irreparable mischief, great, extraordinary, or exceptional hardship, and great burdens in the form of expenses. The court will exercise the power upon sufficient occasion, especially where the fundamental rights of a party or parties are ignored. The power will not be exercised to control the discretion of another court. In our opinion the petitioner has made a sufficient showing to entitle him to bring an action in this court under its superintending power, for a writ of prohibition. Our reasons for so concluding are the same as those stated

in the ensuing part of the opinion, in support of the granting of the writ.

That conclusion renders the stipulation mentioned in the statement of facts effective, and the matter from now on will be considered as though leave had been granted to bring the action and the petitioner had filed his complaint to which the respondent had demurred. The remaining question for determination therefore is: Do the allegations of the complaint (petition), taken as true, show a sufficient occasion for issuing a writ of prohibition restraining the circuit court for Rock county from proceeding in the action pending in that court, while another action involving substantially the same issues is pending and at issue in the federal court for the Northern district of Illinois, Eastern division, which is set for trial on June 21, 1937? In our view, we need not determine whether the circuit court abused its discretion in refusing to limit the scope of the examination, or whether it erred in refusing to modify the broad commands of the subpœna to produce "any and all books and papers and documents and records" in the possession or under the control of the petitioner.

We shall only determine whether the circuit court exceeded its jurisdiction or erred to such an extent as to inflict an extraordinary or exceptional hardship upon the petitioner. It is our opinion under the peculiar and extraordinary situation revealed by the allegations of the complaint that a writ of prohibition should issue. Although there are cases to the contrary, it has been considered ever since *Milwaukee Corrugating Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777, was decided, that an order refusing to suppress an examination sought for the purpose of stating a cause of action or making an answer is not appealable under the provisions of sec. 274.33, Stats. *Mantz v. Schoen & Walter Co.* 171 Wis. 7, 176 N. W. 70; *State ex rel. Finnegan v. Lincoln Dairy Co.*

221 Wis. 15, 265 N. W. 202. It is quite apparent, therefore, that the petitioner has no right to an immediate appeal, but must appear at the proposed examination, and if he is not willing to assume the risk of being adjudged in contempt, he will be compelled to answer the questions asked him, produce all of the papers, documents, etc., mentioned in the subpœna, and abide the outcome of the trial of the action before he can appeal to this court. Certainly such an appeal must be held to be inadequate. The examination proposed to be had would no doubt continue for many days with great attendant expense, if the scope of the examination is at all indicated by the affidavit served.

The circuit court refused to stay any of the proceedings pending the trial in the federal court. The court clearly had the power to stay the proceedings in its court in the action there pending for the reason that there was pending in another court a like suit between the same parties involving the same issues. *Parmalee v. Wheeler,* 32 Wis. 429; *Johnston v. Reiley,* 24 Wis. 494; *Ashland v. Wisconsin Central R. Co.* 121 Wis. 646, 98 N. W. 532, 99 N. W. 431.

Was it the duty of the court to stay the action pending the trial or dismissal of the action in the federal court, which involved the same issues and the same parties? In *Ashland v. Wisconsin Central R. Co., supra,* the court said (pp. 647, 648) :

"Since it was determined in the *Whitcomb Case* that the federal court had assumed and retained jurisdiction of the cause, it must follow that a prior action is pending in the federal court, wherein all the matters at issue in this case are to be litigated and finally determined between the same parties. Under such circumstances, the state court will defer to the jurisdiction and determination of the federal court, and take no proceeding in the case, unless the action be dismissed and thereby leave the state court free to proceed without conflicting with the jurisdiction of the federal court."

On motion for rehearing, the court filed an opinion in which it adhered to its original holding. It was there said (p. 648) :

"Since the federal court has assumed and retains jurisdiction of the cause, as stated in the decision in the companion case, and the respondent railway company having, by its answer, pleaded the pendency of that action, and that the issues *in this action* are the same as those raised by the pending cross-bill and reply *in that action,* and that its claim of right to the streets in controversy is the same as the claim of the receivers urged in their cross-bill, we must adhere to our former conclusion holding that the trial court adopted the correct course in ordering that this action await the determination of the issues under the cross-bill in the federal court."

We are of the opinion that in a situation like this, where an action similar in all respects, involving the same issues and the same parties, is pending in a court of the United States, which action is at issue and set down for an early trial, and where the action in the state court has been commenced after the commencement of the action in the federal court, in the absence of a showing that it is reasonably necessary for the protection of some substantial right of a party that proceedings be also had in a court of this state, the state court should unquestionably defer to the jurisdiction of the federal court and stay all proceedings in the action in its court, unless the action in the federal court be dismissed, leaving the state court free to proceed without conflicting with the jurisdiction of the federal court. While the authorities quite generally hold that such matters ordinarily rest within the discretion of the court, 1 C. J. S. p. 1405, § 133, our rule as expressed in the *Ashland Case,* in which a similar situation was involved, is to the contrary. This holding does not conflict with so much of the holding in *Wood v. Lake,* 13 Wis. *84, as was necessary to a decision in that case,

It is apparent that Clancy desires to obtain the benefits of an examination of the petitioner, and an inspection of his books, documents, etc., for the purpose of supplementing the interrogatories which he was permitted to serve and have answered under the federal practice in preparing for trial in the federal court. That, in our view, is not a sufficient reason for permitting contemporaneous proceedings in a court of this state.

*By the Court.*—Let the writ of prohibition issue as prayed for in the petition.