Rodney A. ARNESON, Plaintiff-Respondent,

v.

Marcia JEZWINSKI, Personnel Coordinator, Administrative Data Processing, UW-Madison, Durwood Meyer, Assistant Director, Administrative Data Processing, UW-Madison and Dan Thoftne, Computer Operations Manager, Administrative Data Processing, UW-Madison, Defendants-Petitioners. [Case No. 95–1592–LV]

Rodney A. ARNESON, Plaintiff-Respondent,

v.

Marcia JEZWINSKI, Personnel Coordinator, Administrative Data Processing, University of Wisconsin-Madison, Durwood Meyer, Assistant Director, Administrative Data Processing, University of Wisconsin-Madison and Dan Thoftne, Computer Operations Manager, Administrative Data Processing, University of Wisconsin-Madison, Administrative Data Processing, University of Wisconsin-Madison, Defendants-Appellants. [Case No. 95–2150]

Supreme Court

*Nos. 95–1592–LV, 95–2150. Oral argument October 18, 1996.—Decided December 20, 1996.*

(Also reported in 556 N.W.2d 721.)

For the defendants-appellants-petitioners the cause was argued by *Richard Briles Moriarty*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the plaintiff-respondent there was a brief by *James C. Murray* and *Jacobson & Macaulay*, Madison and oral argument by *James C. Murray*.

N. PATRICK CROOKS, J. This case is before the court on certification from the court of appeals, pursuant to Wis. Stat. § 809.61 (1993–94).[1] Petitioners Marcia Jezwinski, Durwood Meyer, and Dan Thoftne seek leave to appeal a circuit court order denying their claim of qualified immunity from suit under 42 U.S.C. § 1983 (1994),[2] and alternatively assert that they have a right to appeal. The sole issue on certification is under what circumstances the court of appeals should grant a petition for interlocutory appeal from a circuit court order denying a state official's claim of qualified immunity in a § 1983 action. Pursuant to our constitu-

---

[1] All further references are to the 1993–94 Statutes unless otherwise indicated.

[2] All further references are to the 1994 Code unless otherwise indicated.

tional superintending power over lower state courts, we direct the court of appeals to grant every petition of this kind, so long as the circuit court order is based on an issue of law, such as whether the federal right allegedly violated was clearly established at the time the action was taken, and the defendant initiates the appeal within the time specified in Wis. Stat. § 808.04. We find that the court of appeals should grant such petitions as a matter of course because they will always fall within the criteria of Wis. Stat. § 808.03(2)(a) and (b).

## I.

In granting the present certification, we indicated that we would not address any of the underlying issues Petitioners raise on appeal. Nonetheless, we provide a general background of the facts surrounding this dispute. In 1990, Rodney Arneson was a permanent employee of the University of Wisconsin on probationary status as a newly-promoted supervisor. On March 19, 1990, an employee whom Arneson supervised filed a complaint of sexual harassment against him. As a result, Petitioners placed Arneson on unpaid suspension for thirty days and demoted him to a lower position.

On May 15, 1990, Arneson filed an administrative appeal of this disciplinary action with the State of Wisconsin Personnel Commission (Commission). The Commission found that Petitioners had denied Arneson's due process rights to hear the charges against him and to present his version of the facts, and that the discipline imposed was excessive. Therefore, the Commission voided the disciplinary action and ordered Petitioners to reinstate Arneson to his previous position.

On July 29, 1993, Arneson commenced an action under 42 U.S.C. § 1983 in Dane County Circuit Court, claiming that Petitioners did not have "just cause" to impose the disciplinary action, and had failed to reinstate him properly. Petitioners moved for summary judgment on several grounds, including qualified immunity. On April 21, 1995, the Honorable Moria G. Krueger granted the Petitioners' motion for summary judgment in part, but deferred ruling on their claim of qualified immunity.

Subsequently, on June 2, 1995, the circuit court judge denied Petitioners' motion for summary judgment based on their claim of qualified immunity. Specifically, the circuit court judge found that Arneson's due process rights were clearly established at the time of his suspension; therefore, Petitioners could not maintain a claim of qualified immunity.[3] The circuit court judge noted that although there were factual disputes between the parties, "even viewing the facts most favorably to defendants, due process does not appear to have been afforded Mr. Arneson." (R. 38 at 2 n.1.)

On June 12, 1995, Petitioners filed a Petition for Leave to Appeal from Nonfinal Order with the court of appeals. The court of appeals denied the petition on July 24, 1995. On August 2, 1995, Petitioners submitted a motion for reconsideration of this denial with the court of appeals, and also filed a notice of appeal from the same circuit court order. Arneson moved the court

---

[3] "Whether a public official may be protected by qualified immunity turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time the action was taken." *Barnhill v. Board of Regents*, 166 Wis. 2d 395, 407, 479 N.W.2d 917 (1992); *accord Burkes v. Klauser*, 185 Wis. 2d 308, 326, 517 N.W.2d 503 (1994), *cert. denied,* — U.S. —, 115 S. Ct. 1102 (1995).

of appeals for an order dismissing the second appeal. The court of appeals then certified the matter to this court, to determine under what circumstances the court of appeals should grant an interlocutory appeal from a circuit court order denying a state official's claim of qualified immunity from a § 1983 suit.

## II.

Although this certification presents a matter of first impression in Wisconsin, the United States Supreme Court has addressed the same issue on the federal level. In *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court held that a district court order denying a claim of qualified immunity on summary judgment is immediately appealable, to the extent it turns on an issue of law. Specifically, the Court relied on the "collateral order doctrine"[4] to find that such an order is a "final decision," since 28 U.S.C. § 1291 vests federal courts of appeal with jurisdiction over appeals only from "final decisions" of district courts.[5] *Id.* at 524–30.

The *Mitchell* Court considered several aspects of qualified immunity persuasive to its holding. First, the

---

[4] Under the collateral order doctrine, "a decision of a district court is appealable if it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

[5] See 28 U.S.C. § 1292 for an explanation of the limited circumstances when the federal courts of appeals have jurisdiction over interlocutory appeals.

Court explained that qualified immunity is intended to protect government officials from "the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* at 526 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). According to the Court, qualified immunity entitles officials to avoid trial, as well as the other burdens of litigation, such as broad-reaching discovery. *Id.* at 526. The Court therefore determined: "The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* The Court further emphasized that a district court's denial of qualified immunity should be subject to interlocutory appeal because "the district court's decision is effectively unreviewable on appeal from a final judgment." *Id.* at 527.

Second, the Court determined that an order denying qualified immunity should be immediately appealable because it conclusively determines the disputed question. The Court stated, "[T]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred." *Id.* (quoting *Abney v. United States*, 431 U.S. 651, 659 (1977)). Finally, the Court was persuaded by its finding that a claim of qualified immunity "is conceptually distinct from the merits of the plaintiff's claim" if the claim turns on an issue of law, because the reviewing appellate court will not need to consider the correctness of the plaintiff's version of the facts, or even determine whether the plaintiff has stated a claim. *Id.* 527–28.[6]

---

[6] Subsequently, in *Johnson v. Jones*, — U.S. —, 115 S. Ct. 2151, 2159 (1995), the Court held that a defendant may not

## III.

Petitioners argue that the Supremacy Clause of the United States Constitution[7] requires us to find that state officials have a right to appeal a circuit court order denying a claim of qualified immunity in a § 1983 action in Wisconsin appellate courts. Although we are persuaded by *Mitchell*, we do not reach the issue of whether the Supremacy Clause requires us to follow it.[8] We also do not consider whether such an order

immediately appeal a district court order denying a claim of qualified immunity "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." The Court then clarified this holding in *Behrens v. Pelletier*, — U.S. —, 116 S. Ct. 834, 842 (1996), indicating that "if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim, and hence there is no 'final decision' under *Cohen* and *Mitchell*." However, the *Behrens* court held that a defendant may immediately appeal a district court order, even if material issues of fact remain, so long as an abstract issue of law relating to qualified immunity is at issue, typically the issue of whether the federal right allegedly infringed was clearly established at the time of the action. *Id.*

[7] Article VI of the U.S. Constitution provides in part: "This constitution, and the laws of the United States which shall be made in pursuance thereof. . .shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the constitution or laws of any state to the contrary notwithstanding."

[8] Note that on October 21, 1996, the U.S. Supreme Court granted certiorari in *Johnson v. Fankell*, an unpublished Idaho Supreme Court case in which the court declined to allow a state official to take an immediate appeal from the denial of their motion to dismiss on the grounds of qualified immunity in a § 1983 action. *Johnson v. Fankell*, — U.S. —, — S. Ct. —, 65

constitutes a final order under § 808.03(1). Instead, we make this decision pursuant to our constitutional superintending power over lower state courts, set forth in article VII, section 3 of the Wisconsin Constitution,[9] and in accord with the power we share with the legislature.

We therefore review the nature and scope of this power. The Wisconsin Constitution grants three separate and distinct branches of jurisdiction to this Court: (1) appellate jurisdiction; (2) general superintending control over inferior courts; and (3) original jurisdiction at certain proceedings at law and in equity. WIS. CONST. art VII, § 3; *State ex rel. Reynolds v. County Court*, 11 Wis. 2d 560, 564, 105 N.W.2d 876 (1960); *In re Brand*, 251 Wis. 531, 536, 30 N.W.2d 238 (1947), *cert. denied*, 335 U.S. 802 (1948); *State ex rel. Fourth Nat'l Bank v. Johnson*, 103 Wis. 591, 611–12, 79 N.W. 1081 (1899) (hereinafter "*Johnson*"). The constitutional grant of superintending authority endows this court with a power that is indefinite in character, unsupplied with means and instrumentalities, and limited only by the necessities of justice. *In re Kading*, 70 Wis. 2d 508, 519–20, 235 N.W.2d 409, 238 N.W.2d 63, 239 N.W.2d 297 (1975); *Reynolds*, 11 Wis. 2d at 564–65; *In re Phelan*, 225 Wis. 314, 320–21, 274 N.W. 411 (1937);

USLW 3305, 65 USLW 3308 (1996). Therefore, although the Supreme Court will determine whether the Supremacy Clause requires state appellate courts to grant a petition for leave to appeal from a lower court order denying a claim of qualified immunity in a § 1983 suit, that decision will have no bearing on the present case, because our decision is not grounded on the Supremacy Clause.

[9] Article VII, section 3 of the Wisconsin Constitution provides in pertinent part: "The supreme court shall have superintending and administrative authority over all courts."

*Johnson*, 103 Wis. at 611. In addition, this power enables the court to control the course of ordinary litigation in the lower courts of Wisconsin.[10] *Phelan*, 225 Wis. at 320; *Johnson*, 103 Wis. at 613. As we have stated, "The superintending power is as broad and as flexible as necessary to insure the due administration of justice in the courts of this state." *Kading*, 70 Wis. 2d at 520.

However, we do not use such power lightly. *Phelan*, 225 Wis. at 321. As we have indicated, "This court will not exercise its superintending power where there is another adequate remedy, by appeal or otherwise, for the conduct of the trial court, or where the conduct of the trial court does not threaten seriously to impose a significant hardship upon a citizen." *McEwen v. Pierce County*, 90 Wis. 2d 256, 269–70, 279 N.W.2d 469 (1979) (citing *Newlander v. Riverview Realty Co.*, 238 Wis. 211, 225, 298 N.W. 603 (1941); *State ex rel. Tewalt v. Pollard*, 112 Wis. 232, 234, 87 N.W. 1107 (1901)).

We conclude that the present case warrants exercise of this power over lower state courts. As both this court and the U.S. Supreme Court have recognized, qualified immunity is immunity from suit. *Mitchell*, 472 U.S. at 526. *Barnhill*, 166 Wis. 2d at 415. Therefore, the primary benefit of qualified immunity is lost if the case is erroneously allowed to proceed to trial. *Mitchell*, 472 U.S. at 526; *Barnhill*, 166 Wis. at 415. As we have recognized, the issue of qualified immunity "is

---

[10] Note that in *In re Phelan*, the court, in dicta, stated, "The [superintending] power will not be exercised to control the discretion of another court." 225 Wis. 314, 321, 274 N.W. 411 (1937). However, *Phelan* is distinguishable from the present case, because it involved a petition for a writ of prohibition to restrain further proceedings in the circuit court on the grounds that the same issue was being litigated in federal court.

appropriately addressed and resolved at the summary judgment stage. . . ." *Burkes*, 185 Wis. 2d at 327 (citing *Barnhill*, 166 Wis. 2d at 415).

Thus, where a court of appeals denies a petition for interlocutory appeal of a denial of qualified immunity, a state official is left with no other adequate remedy. Although the official could raise qualified immunity on appeal after the circuit court enters a final order, this is not a sufficient remedy because the official will lose the primary benefit of qualified immunity if the case wrongly proceeds. *Mitchell*, 472 U.S. at 526; *Barnhill*, 166 Wis. 2d at 415. As one court has stated, "[T]he official cannot be 're-immunized' if erroneously required to stand trial or face the other burdens of litigation." *Tucker v. Resha*, 648 So. 2d 1187, 1189 (Fla. 1994).

██

The plaintiff may also be harmed under such circumstances, because the plaintiff may go through the expense and hardship of a full trial and appeal only to find that the defendant official is not liable for damages because of qualified immunity.[11] Furthermore, if a case wrongly proceeds, society as a whole will pay the social costs of expensive litigation, as well as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Harlow*, 457 U.S. at 816. For all of these reasons, this is an appropriate matter for us to

---

[11] We recognize that immediate appellate review of a circuit court's denial of qualified immunity may place an additional financial burden on the plaintiff. *See* Martin A. Schwartz, *A Discussion about Qualified Immunity*, 212 n.94 N.Y. L.J. 3, 9 (1994). However, we note that where a state official frivolously brings an appeal, the court of appeals may award costs, fees, and attorney fees to the plaintiff. *See* Wis. Stat. § 809.25(3).

address through the exercise of our superintending authority. *See McEwen*, 90 Wis. 2d at 269–70 (explaining standards for exercise of this power).

Section 808.03 falls within an area of power shared between the legislative and judicial branches. This is demonstrated by the fact that although § 808.03 was enacted by the legislature as part of the restructuring of the court system in 1977, this court ordered § 808.03(1) amended in 1986. 130 Wis. 2d at xxi. As we have determined:

> The separation of powers doctrine was never intended to be strict and absolute. Rather, the doctrine envisions a system of separate branches sharing many powers while jealously guarding certain others, a system of "separateness but interdependence, autonomy but reciprocity." Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 635 (1952); State v. Holmes, 106 Wis. 2d at 42–43. . . . This subtle balancing of shared powers, coupled with the sparing demarcation of exclusive powers, has enabled a deliberately unwieldy system of government to endure successfully for nearly 150 years.

*State ex rel. Friedrich v. Circuit Court for Dane County*, 192 Wis. 2d 1, 14, 531 N.W.2d 32 (1995) (per curiam). Nothing in the legislative history of § 808.03 indicates that the legislature considered the unique nature of qualified immunity, in that substantial or irreparable harm will result if a court has wrongly issued an order denying a claim of qualified immunity and thereby erroneously allowed a case to proceed. Recognizing the development of the law in regard to qualified immunity, we believe that this is an area in which it is necessary to exercise our constitutional superintending power.

In exercising such power, we conclude that an order denying a claim of qualified immunity from a § 1983 action should be immediately appealable. Just as the United States Supreme Court determined in *Mitchell*, we determine that immediate interlocutory appeal will protect state officials from the substantial or irreparable injury that will result if the suit is erroneously allowed to proceed. *See Mitchell*, 472 U.S. at 525–30; *Barnhill*, 166 Wis. 2d at 415–16. In addition, we conclude that determination of this issue at the early stages of litigation will clarify the proceedings for all parties involved, as well as the public, by resolving it "before extensive measures are taken to defend the public officials." *Barnhill*, 166 Wis. 2d at 415; *accord Mitchell*, 472 U.S. at 527. We therefore exercise our superintending power to direct the court of appeals to grant every petition for leave to appeal a circuit court order denying a claim of qualified immunity from a § 1983 action, if the order is based on an issue of law, such as whether the federal right allegedly violated was clearly established at the time the action was taken, and the defendant initiates the appeal within the time specified in Wis. Stat. § 808.04. We determine that the court of appeals should grant these petitions as a matter of course because they will always fall within the criteria of Wis. Stat. § 808.03(2)(a) and (b), for the above-stated reasons.[12] We also note that our

---

[12] Section 808.03(2) provides that the court of appeals may grant an interlocutory appeal if the appeal will: "(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation; (b) Protect the petitioner from substantial or irreparable injury; or (c) Clarify an issue of general importance in the administration of justice."

holding is in accordance with the decisions of a majority of jurisdictions.[13]

---

[13] A majority of state courts have held that an order denying a claim of qualified immunity in a § 1983 case is immediately appealable, albeit for different reasons. Some courts have followed *Mitchell* in interpreting their own state procedural rules. *See City of Phoenix v. Yarnell*, 909 P.2d 377 (Ariz. 1995) (en banc); *Tucker v. Resha*, 648 So. 2d 1187 (Fla. 1994); *Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn. 1986). Several courts have indicated they are following *Mitchell*, without explicitly explaining on what grounds they are doing so. *Virden v. Roper*, 788 S.W.2d 470 (Ark. 1990); *City of Lakewood v. Brace*, 919 P.2d 231 (Colo. 1996) (en banc); *Breault v. Chairman of the Bd. Of Fire Comm'rs*, 513 N.E.2d 1277 (Mass. 1987), *cert. denied*, 485 U.S. 906 (1988); *Richardson v. Chevrefils*, 552 A.2d 89 (N.H. 1988); *Corum v. University of North Carolina*, 413 S.E.2d 276 (N.C.), *cert. denied*, 506 U.S. 985 (1992); *Murray v. White*, 587 A.2d 975 (Vt. 1991); *Abell v. Dewey*, 870 P.2d 363 (Wyo. 1994). Others have relied on the collateral order doctrine. *See Fulwood v. Porter*, 639 A.2d 594 (D.C. 1994); *Creamer v. Sceviour*, 652 A.2d 110 (Me. 1995); *Carillo v. Rostro*, 845 P.2d 130 (N.M. 1992); *Fann v. Brailey*, 841 S.W.2d 833 (Tenn. Ct. App. 1992), *review denied* (Tenn. 1992). One court has found that such a decision is required under the Supremacy Clause. *See McLin v. Trimble*, 795 P.2d 1035 (Okla. 1990). Still others courts have granted relief through other means. *See Ex parte Franklin County Dep't of Human Resources*, 674 So. 2d 1277 (Ala. 1996) (issuing writ of mandamus to allow for review); *Leake v. Half Price Books, Records, Magazines, Inc.*, 918 S.W.2d 559, 563 (Tex. Ct. App. 1996) (noting that Texas has a statute that specifically allows for immediate appeal). Finally, a minority of states have found that such orders are not immediately appealable under the law of their respective states. *Samuel v. Stevedoring Servs. of America*, 29 Cal. Rptr. 2d 420 (Cal. Ct. App. 1994); *Turner v. Giles*, 450 S.E.2d 421 (Ga. 1994), *cert. denied*, — U.S. —, 115 S. Ct. 1959 (1995); *Klindtworth v. Burkett*, 477 N.W.2d 176 (N.D. 1991); *Ohio Civil Serv. Employees Ass'n v. Moritz*, 529

We acknowledge that we have previously declined to exercise our superintending power in this manner. *See State v. Jenich*, 94 Wis. 2d 74, 97a n.1, 288 N.W.2d 114, 292 N.W.2d 348 (1980). In the past, this court has simply encouraged the court of appeals to grant interlocutory appeals from certain circuit court orders. *See Jenich*, 94 Wis. 2d at 97a–97b (order denying motion to dismiss for double jeopardy); *State ex rel. A.E. v. Green Lake County Circuit Court*, 94 Wis. 2d 98, 105d, 288 N.W.2d 125, 292 N.W.2d 114 (1980) (order waiving juvenile jurisdiction). However, we again emphasize that this power is limited only by the necessities of justice, and enables us to control the course of litigation in the lower courts of Wisconsin. *Phelan*, 225 Wis. at 320–21; *Johnson*, 103 Wis. at 611, 613. As we have stated, "The inherent power of this court is shaped, not by prior usage, but by the continuing necessity that this court carry out its function as a supreme court." *Kading*, 70 Wis. 2d at 519. In the present case, we find that this exercise of our superintending power is within the necessities of justice, as it is required to insure the due administration of justice in Wisconsin courts. *Cf. id.* at 519–20 (this court exercised our power to promulgate Code of Judicial Ethics, even though we had not previously used our power in such a manner).

In conclusion, we hold that the court of appeals should grant every petition for interlocutory appeal from a circuit court order denying a state official's claim of qualified immunity in a § 1983 action, so long as the order is based on an issue of law, and the official initiates the appeal within the time specified in § 808.04. Regarding the present case, we note that

N.E.2d 1290 (Ohio Ct. App. 1987); *Walden v. City of Seattle*, 892 P.2d 745 (Wash. Ct. App. 1995).

although the circuit court judge indicated factual disputes remain, her order denying Petitioners' claim of qualified immunity turned on an issue of law. More specifically, the summary judgment order issued turned on whether Arneson's due process rights were clearly established at the time of his suspension. Accordingly, since the circuit court order denying Petitioners' claim of qualified immunity was based on an issue of law, and Petitioners filed their petition for leave to appeal the order within the time required by § 808.04, we remand this case to the court of appeals for further proceedings consistent with this decision.

*By the Court.*—The cause is remanded to the court of appeals with directions to allow an interlocutory appeal.

SHIRLEY S. ABRAHAMSON, C.J., did not participate.