Connie G. POWELL, Plaintiff-Respondent,

v.

Arlene M. COOPER and Calvin Stoudt, Defendants-Appellants-Petitioners.

Supreme Court

*No. 98–0012. Oral argument September 6, 2000.—Decided February 16, 2001.*

## 2001 WI 10

(Also reported in 622 N.W.2d 265.)

For the defendants-appellants-petitioners the cause was argued by *Mary Batt*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For the plaintiff-respondent there was a brief by *John E. Joyce*, Menomonie, and oral argument by *John E. Joyce*.

¶ 1. PER CURIAM. Dr. Arlene M. Cooper and Dr. Calvin Stoudt (Drs. Cooper and Stoudt), faculty at the University of Wisconsin-Stout, seek review of an unpublished decision of the court of appeals,[1] affirming in part an order of the Circuit Court for Dane County, Paul B. Higginbotham, Judge. The court of appeals held that Drs. Cooper and Stoudt were not entitled to dismissal of a suit brought under 42 U.S.C. § 1983[2] by

---

[1] *Powell v. Cooper*, No. 98–0012, 1999 WL 516756, 1999 Wisc. App. LEXIS 794 (Wis. Ct. App. July 22, 1999).

[2] 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

155

Connie Powell (Powell). Powell, who had been a graduate student at the Stout campus, alleged that actions taken by Drs. Cooper and Stoudt had deprived her of an interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Drs. Cooper and Stoudt argue that Powell has not set forth a legally sufficient complaint alleging a deprivation of a constitutionally protected interest. Alternatively, Drs. Cooper and Stoudt contended that they are entitled to qualified immunity.

¶ 2.     In this review we reach two issues. First, the court is evenly divided upon the question of whether Powell's complaint alleged the violation of a clearly established constitutionally protected property right such that defendants are not entitled to qualified immunity. Accordingly, we affirm the court of appeals' conclusion that Drs. Cooper and Stoudt are not entitled to qualified immunity from Powell's § 1983 claim based upon a deprivation of a property interest in continuing a course of study.

¶ 3.     Second, the court unanimously reverses the court of appeals' conclusion that Powell's complaint states a claim asserting a liberty interest in refusing to unnecessarily disclose her mental health history. In her complaint, Powell did not assert a claim based upon a constitutionally protected liberty interest. Accordingly, we conclude that Powell waived an assertion of such a claim.

¶ 4.     In addition to these two issues, we also address a procedural question relating to interlocutory appeal from a circuit court order denying a state official's claim of qualified immunity in a § 1983 action.

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress. . . .

The court of appeals concluded that although it is required to grant such a petition when it is initiated in a timely manner following a motion for summary judgment, the court may, in its discretion, grant such petitions after a motion to dismiss. *Powell v. Cooper*, No. 98–0012, unpublished slip op. at 16 n.5 (Wis. Ct. App. July 22, 1999). We agree. When a petition for interlocutory review is filed prior to the litigation reaching the summary judgment stage, the court of appeals may exercise its discretion in determining whether to grant review of the qualified immunity issue.

## I

¶ 5. On motion to dismiss, and for purposes of qualified immunity analysis, the facts set forth in the pleadings are accepted as true. *Penterman v. Wisconsin Elec. Power Co.*, 211 Wis. 2d 458, 463, 565 N.W.2d 521 (1997). In her amended complaint, Powell asserts that in 1987 she matriculated into the graduate student program in guidance and counseling at the University of Wisconsin–Stout. Powell told her academic advisor, Dr. David Cook, that she suffered from a manic-depressive disorder. Dr. Cook advised Powell that her condition would not affect completing the program.

¶ 6. Powell fulfilled all the requirements to obtain her degree, except for completing a practicum and master's thesis. In December 1990 Powell spoke to Dr. Cooper about scheduling the practicum for the spring of 1991. Powell informed Dr. Cooper of her manic-depressive disorder. Subsequently, Dr. Cooper declined to schedule Powell into the practicum program.

¶ 7. In January 1991 Powell met with Drs. Cooper and Stoudt. At the meeting, Powell was

informed that she would be permitted to undertake the practicum if she agreed to disclose her manic-depressive condition to the site supervisor. Powell refused to make this disclosure. As a result, she was not allowed to undertake the practicum and could not complete her course of study.

¶ 8. In January 1997 Powell filed suit against Drs. Cooper and Stoudt. Powell asserted that the actions by Drs. Cooper and Stoudt had deprived her of an interest protected by both the procedural and substantive aspects of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The defendants filed a motion to dismiss, which was denied by the circuit court. The circuit court concluded that Drs. Cooper and Stoudt were not entitled to qualified immunity because in January 1991 the law was clearly established that Powell had a constitutionally protected property interest in continuing her graduate school program, which could not be denied without a hearing. In addition, the circuit court held that the actions by Drs. Cooper and Stoudt were arbitrary and capricious.

¶ 9. Subsequently, Drs. Cooper and Stoudt petitioned for interlocutory review. The court of appeals granted the petition and affirmed the circuit court. Drs. Cooper and Stoudt then petitioned this court to review the decision of the court of appeals, which was granted.

II

▬▬▬

¶ 10. We begin by determining whether the court of appeals properly concluded that Powell had filed a complaint alleging a deprivation of both a constitutionally protected property and liberty interest. Whether a complaint states a claim upon which relief can be

granted is a question of law, which this court reviews without deference to lower courts. *Weber v. City of Cedarburg*, 129 Wis. 2d 57, 64, 384 N.W.2d 333 (1986). The court of appeals also concluded that Drs. Cooper and Stoudt were not entitled to qualified immunity. Application of the doctrine of qualified immunity is also a question of law, which we decide independently. *Arneson v. Jezwinski*, 225 Wis. 2d 371, 592 N.W.2d 606 (1999).

### III

¶ 11.   The Fourteenth Amendment protects certain liberty and property interests. In this case, the court of appeals determined that Powell's amended complaint alleged a clearly established property interest in continuing the course of study she had begun at the university. *Powell v. Cooper*, No. 98–0012, unpublished slip op. at 9 (Wis. Ct. App. July 22, 1999). In addition, the court of appeals held that Powell had claimed a liberty interest, which it identified as a privacy right in avoiding unnecessary disclosure of her mental health history. *Id.* at 10. The court of appeals concluded that Drs. Cooper and Stoudt were not entitled to qualified immunity because Powell's due process claims were grounded on clearly established property and liberty interests. *Id.* at 19.

¶ 12.   We consider first Powell's assertion that she has a property interest in continuing her course of study begun at the university. Drs. Cooper and Stoudt contend that there is no such constitutionally protected property right and, as a result, there can be no due process violation. This court is equally divided on the question of whether Drs. Cooper and Stoudt are entitled to qualified immunity on this issue. Justices Ann

Walsh Bradley, N. Patrick Crooks and David T. Prosser would affirm the court of appeals' conclusion that such a property right existed at the time in question, was clearly established, and accordingly the defendants were not entitled to qualified immunity. Justices William A. Bablitch, Jon P. Wilcox, and Diane S. Sykes would reverse, concluding that even assuming such property right existed at the time, it was not well established and therefore, the defendants were entitled to qualified immunity. Accordingly, the decision of the court of appeals concluding that there is a constitutionally protected property right in continuing her course of study, and that the defendants were not entitled to qualified immunity on that issue, is affirmed.

¶ 13.   We turn next to consider the conclusion by the court of appeals that Powell sufficiently alleged a clearly established liberty interest in not unnecessarily disclosing her mental health history. On this issue, we unanimously reverse.

¶ 14.   It is well established that pleadings are to be liberally construed. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660 (1979). A claim should not be dismissed unless it appears to a certainty that no relief can be granted under any set of facts that a plaintiff can prove in support of his or her allegations. *Id.* The court of appeals construed Powell's complaint as asserting a liberty interest. However, Powell's complaint does not set forth any statement concerning a liberty interest, and at oral argument before this court, counsel for Powell stated that she did not plead a liberty interest. Under these circumstances, we concluded that the court of appeals' finding of a clearly established liberty interest in refusing to

unnecessarily disclose her mental health history must be reversed.

¶ 15.   Finally, the decision of the court of appeals presents an opportunity for this court to clarify the circumstances under which the court of appeals is required to grant a petition for interlocutory appeal from a circuit court order denying a state official's claim of qualified immunity in a § 1983 action. The court of appeals concluded that under *Arneson v. Jezwinski*, 206 Wis. 2d 217, 556 N.W.2d 721 (1996) (hereinafter *Arneson I*), as clarified in *Penterman*, that it is required to grant a petition for interlocutory review of a denial of qualified immunity when it follows a summary judgment motion; however, on motion to dismiss the court may, in its discretion, grant such an appeal if it determines that review of the qualified immunity issue is not premature. We agree.

¶ 16.   In *Arneson I*, we directed the court of appeals to grant every petition for interlocutory appeal from a circuit court order denying a state official's claim of qualified immunity in a § 1983 action "so long as the circuit court order is based on an issue of law, such as whether the federal right allegedly violated was clearly established at the time the action was taken. . . ." *Arneson I*, 206 Wis. 2d at 220. When qualified immunity is raised as an affirmative defense, the plaintiff has the burden of demonstrating by closely analogous case law that the defendant violated a clearly established constitutional right. *Penterman*, 211 Wis. 2d at 469. The question presented in such a case "is whether a reasonable state official could have believed his or her act was constitutional 'in light of clearly established law and the information [he or she] possessed' at the time of the official's action."

*Penterman,* 211 Wis. 2d at 470 (quoting *Burkes v. Klauser,* 185 Wis. 2d 308, 326, 517 N.W.2d 503 (1994)). This inquiry is fact specific and "focuses on the circumstances with which the official is confronted." *Id.* at 471–72.

¶ 17.  For the reasons set forth in *Arneson I,* we continue to conclude, pursuant to the this court's superintending power over lower state courts in article VI, section 3 of the Wisconsin Constitution, that the court of appeals should grant these petitions when they arise from a summary judgment order that turns on an issue of law and denies a claim of qualified immunity. However, when the interlocutory appeal arises on motion to dismiss, the court of appeals should exercise its sound discretion in determining whether or not to grant the petition. In a given case the facts and circumstances confronting the state official may not be sufficiently developed on motion to dismiss for the reviewing court to reach any other conclusion than to affirm the circuit court's denial of a qualified immunity claim.

¶ 18.  The primary benefit of qualified immunity is immunity from suit. *Arneson I,* 206 Wis. 2d at 226. This benefit is lost if a case erroneously proceeds to trial. However in the proper case, and under the sound discretion of the court of appeals, allowing the action to proceed from motion to dismiss to the summary judgment stage will continue to provide officials with the benefit of this affirmative defense.

¶ 19.  We conclude, therefore, that an interlocutory appeal from a circuit court's denial of qualified immunity shall be granted when it arises on motion for summary judgment, and is discretionary under the cri-

teria set forth in Wis. Stat. § 808.03(2) (1997–98) when it arises from a motion to dismiss.

*By the Court.*—The decision of the court of appeals is affirmed in part, reversed in part, and the cause remanded to the circuit court.

¶ 20.   SHIRLEY S. ABRAHAMSON, C.J., did not participate.