*238 PER CURIAM.
¶ 1. This case is currently pending before us on a certification from the court of *239 appeals. Madison Teachers, Inc. v. Scott Walker, No. 2012AP2067 (Wis. Ct. App. April 25, 2013). That certification presents a number of constitutional questions related to the September 14, 2012, declaratory judgment of the Dane County Circuit Court.[1] During the pendency of the appeal, the circuit court held Defendant-Appellants James R. Scott and Rodney G. Pasch (collectively, "Commissioners") in contempt. Thereafter, Scott Walker, James R. Scott, Judith Neumann, and Rodney G. Pasch (collectively "State Defendants") brought an emergency motion to stay the contempt order in the court of appeals, which the court of appeals denied. The State Defendants now petition this court to stay declaratory judgment and any subsequent circuit court orders.
¶ 2. We do not rule on the stay of the September 2012 declaratory judgment. However, for the reasons discussed in this opinion, we conclude that the contempt order issued subsequent to the appeal from the circuit court declaratory judgment constituted an impermissible interference with the appellate jurisdiction of this court. We therefore exercise our superintending authority to vacate the contempt order, which renders the State Defendants' motion to stay the contempt order moot.
I. BACKGROUND
¶ 3. On August 24, 2011, Plaintiff-Respondents Madison Teachers, Inc., Peggy Coyne, Public Employees Local 61, AFL-CIO, and John Weigman (collectively "MTI Plaintiffs") filed an amended complaint in Dane County Circuit Court seeking a declaration that certain portions of 2011 Wis. Acts 10 and 32 violated the *240 Wisconsin Constitution and asking for injunctive relief. On September 14, 2012, the court issued a decision and order ("September 2012 declaratory judgment") that granted partial summary judgment to the MTI Plaintiffs. It granted declaratory, but not injunctive, relief.
¶ 4. On September 18, 2012, the State Defendants timely filed a notice of appeal from the September 2012 declaratory judgment. On October 11, 2012, the record was transmitted to the court of appeals.
¶ 5. After appealing, the State Defendants filed a motion to stay the September 2012 declaratory judgment pending appeal in the circuit court, pursuant to Wis. Stats. §§ 808.07(2)(a)(3) and 809.12. On October 22, 2012, the circuit court denied that motion.
¶ 6. On October 25, 2012, the State Defendants moved the court of appeals for a stay pending appeal, which the court of appeals denied.
¶ 7. On April 25, 2013, the court of appeals certified the appeal of the September 2012 declaratory judgment to this court. On June 14, 2013, we accepted certification of the appeal.
¶ 8. On April 23, 2013, just prior to certification of the appeal by the court of appeals, the MTI Plaintiffs asked the circuit court for an injunction for a second time. On September 17, 2013, the circuit court denied injunctive relief, reasoning that the State Defendants' continued enforcement of Acts 10 and 32 against non-parties was not harming MTI plaintiffs.
¶ 9. On September 24, 2013, without moving to intervene, the Wisconsin Education Association Council, AFT-Wisconsin, AFL-CIO, AFL-CIO District Council 40, SEIU Healthcare Wisconsin, CTW, CLC, Wisconsin Federation of Nurses and Healthcare Professionals, AFSCME, and the Kenosha Education Association (col *241 lectively "Non-Party Unions") moved the circuit court to hold the Commissioners in contempt and for remedial sanctions. The Non-Party Unions argued that the Commissioners' continued enforcement of the challenged portions of Acts 10 and 32 against them constituted intentional disobedience of the circuit court's September 2012 declaratory judgment.[2]
¶ 10. On October 21, 2013, the circuit court, in an oral ruling, held the Commissioners in contempt of the September 2012 declaratory judgment. On October 25, the circuit court filed a written contempt order, in which it detailed the conditions that the Commissioners would have to meet to purge the contempt. Among those conditions was a total halt to the enforcement of the challenged portions of Acts 10 and 32 against all non-parties.
¶ 11. On October 25, 2013, the State Defendants filed emergency motions in this court and in the court of appeals. In the court of appeals, the State Defendants sought a stay of the circuit court's contempt order pending appeal, pursuant to Wis. Stats. §§ 808.07(2)(a)l and 809.12. In this court, the State Defendants sought an emergency stay of the effect of the September 2012 declaratory judgment and a stay of enforcement of circuit court orders issued subsequent to that judgment, pursuant to Wis. Stats. §§ 808.07(2)(a)l and 809.12, which is now before us.
¶ 12. On October 28, 2013, the court of appeals entered an order requesting a response brief from the Non-Party Unions on the motion for a stay of the *242 contempt order pending appeal. The court of appeals also announced its intention to decide the stay issue by November 4, 2013. The next day, this court entered an order indicating that we would take no action on the request for emergency relief before us until after the court of appeals had issued its decision.
¶ 13. On November 4, 2013, the court of appeals denied the State Defendants' motion for a stay of the contempt order pending appeal of that order.[3] On November 5, the State Defendants renewed their request for relief from the September 2012 declaratory judgment in this court, and further requested relief from the contempt order.
¶ 14. On November 7, 2013, the Non-Party Unions moved this court for permission to participate in oral argument and to intervene in the action pending before us. On November 8, 2013, the Non-Party Unions filed briefs in this court. We heard their positions and did not strike their briefs. On November 8, 2013, we denied the Non-Party Unions' motion because it was not timely brought.
¶ 15. The State Defendants have brought two pending and related matters before this court and have asked for relief. First, the State Defendants ask this court to stay the circuit court's October 25, 2013, contempt order. Second, the State Defendants request a stay of the circuit court's September 14, 2012, declaratory judgment holding certain portions of 2011 Wis. Acts 10 and 32 unconstitutional. The State Defendants list alternate sources of authority upon which the relief they request may be granted. We now deny the State Defendants' motion to stay the declaratory judgment *243 and exercise our superintending authority to vacate the contempt order because it interferes with our appellate jurisdiction.
II. ANALYSIS
¶ 16. Article VII, Section 3 of the Wisconsin Constitution vests this court with superintending authority over all Wisconsin courts.[4] This authority "is as broad and as flexible as necessary to insure the due administration of justice in the courts of this state." In re Kading, 70 Wis. 2d 508, 520, 235 N.W.2d 409 (1975); see also Arneson v. Jezwinski, 206 Wis. 2d 217, 225, 556 N.W.2d 721 (1996) (our superintending authority "endows this court with a power that is indefinite in character, unsupplied with means and instrumentalities, and limited only by the necessities of justice"). It authorizes us "to control the course of ordinary litigation in the lower courts of Wisconsin." Arneson, 206 Wis. 2d at 226. Because this court's superintending authority flows from the Wisconsin Constitution, the legislature may not limit that authority. See State v. Pollard, 112 Wis. 232, 236, 87 N.W. 1107 (1901).
¶ 17. It is well established that this court may protect its appellate jurisdiction by the exercise of its superintending authority. See Petition of Heil, 230 Wis. 428, 433, 284 N.W. 42 (1938) (declaring that this court "upon its own motion may undoubtedly protect its jurisdiction by the exercise of superintending control"); see also Prof. Jay E. Grenig, 1 Wisconsin Pleading & *244 Practice Forms § 2:52 (5th ed. 2013). We have previously exercised our superintending authority to review a circuit court's order of contempt. See State ex rel. Reynolds v. Cnty. Court of Kenosha Cnty., 11 Wis. 2d 560, 566, 105 N.W.2d 876 (1960) (concluding that the "importance of the issues involved" merited exercise of the court's superintending authority). Because the contempt order in the present case expanded the scope of the judgment that is before us on appeal, we exercise our superintending authority to vacate the contempt order.
¶ 18. Once a Notice of Appeal has been filed with the circuit court and the record has been transmitted to the court of appeals, a circuit court's authority is limited. Wis. Stat. § 808.075(3) (a circuit court "retains the power to act on all issues until the record has been transmitted to the court of appeals"). "An appeal from a judgment or order strips the trial court of jurisdiction with respect to the subject matter of the judgment or order, except in certain unsubstantial and trivial matters," unless explicit contrary authority is noted in the statutes. See In re Estate of Mayer, 29 Wis. 2d 497, 505, 139 N.W.2d 111 (1966).
¶ 19. The September 2012 judgment declared that certain portions of Acts 10 and 32 were unconstitutional, stating:
For the reasons stated above, the court grants summary judgment in favor of the plaintiffs, denies the defendants' motion for judgment on the pleadings and declares that Wis. Stat. §§ 66.0506,118.245,111.70(1)©, 111.70(3g), 111.70(4)(mb) and 111.70(4)(d)3 violate the Wisconsin and United States Constitution, and Wis. Stat. § 62.623 violates the Wisconsin Constitution and *245 all [sic] null and void. This is a final order as defined by Wis. Stat. § 808.03(1) for purposes of appeal.
It did not grant the injunctive relief that MTI Plaintiffs had requested.
¶ 20. When the circuit court issued its contempt order more than a year after the record had been transmitted to the court of appeals and after we had accepted certification of the appeal, it expanded the scope of the September 2012 declaratory judgment by granting injunctive relief to non-parties. That is, by requiring the Commissioners to cease application of MERA against non-parties in order to purge the contempt order, the circuit court granted different relief than it originally granted in the September 2012 order.[5]
¶ 21. We are mindful of the pressures a circuit court can face from aggressive litigation in high-profile cases. However, when the appeal of a circuit court's prior decision is pending before this court, the circuit court must take care to avoid actions that may interfere with the pending appeal. Once an appeal had been perfected, the circuit court should not have taken any action that significantly altered its judgment. Accordingly, in order to assure the orderly administration of justice in the pending appeal, we elect to apply our superintending authority and vacate the circuit court's contempt order.
By the Court.—The contempt order of the circuit court is vacated.

 Judge Juan B. Colas presiding.

 Several of the Non-Party Unions previously litigated the constitutionality of Act 10 in another court and lost on those challenges. See Wis. Educ. Ass'n Council v. Walker, 705 F.3d 640 (7th Cir. 2013), in which AFT-WI, AFL-CIO and Dist. Council 40, AFSCME, AFL-CIO, participated.

 Madison Teachers, Inc. v. Scott Walker, No. 2013AP2405 (Ct. App. Nov. 4, 2013).

 Article VII, Section 3 of the Wisconsin Constitution provides in pertinent part: "The supreme court shall have superintending and administrative authority over all courts."

 "[J]udicial remedies fall into four major categories: damages remedies, restitutionary remedies, coercive remedies (such as injunctions that are backed by the court's contempt power) and declaratory remedies." Johnson Controls, Inc. v. Employers Ins. of Wausau, 2003 WI108, ¶ 40, 264 Wis. 2d 60, 665 N.W.2d 257 (citing Dobbs, Handbook on the Law of Remedies, § 1.1 at 1 (1973)).